UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>ROBERT THOMPSON,<br><br>          Defendant | CRIMINAL NO. 3:20-CR-00108<br><br>(MANNION, D.J.)<br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

This matter comes before the Court on Defendant's Motion for Pretrial Release Due to COVID-19. (Doc. 114). Defendant, Robert Thompson, moves this Court to reconsider its earlier order of detention pursuant, and to order the temporary release of Thompson due to the compelling reason of the COVID-19 pandemic and his underlying health conditions. Thompson moves pursuant to 18 U.S.C. § 3142(i). The Government opposes this motion. (Doc. 135).

I.     BACKGROUND AND PROCEDURAL HISTORY

On May 28, 2020, Thompson was charged by Indictment with conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846. (Doc. 1). At his initial appearance on the Indictment, Thompson was ordered detained after the Court determined that there was no condition or combination of conditions of release which would reasonably assure the safety of any person or the community. Specifically, the Court found that the weight of the

evidence against Thompson and the potential length of his sentence weighed in favor of detention, and he was detained pursuant to 18 U.S.C. § 3142(e). (Doc. 47).

Since the Order of Detention on June 2, 2020, Thompson has remained in custody at Lackawanna County Prison. In the instant motion, brought pursuant to 18 U.S.C. § 3142(i), Thompson seeks an order of temporary release due to a compelling reason – that being the risk associated with being incarcerated during the current COVID-19 pandemic. Thompson asserts that he has conjunctive heart failure, hypertension, irregular heartbeat, and asthma, and that he has not been fully receiving his prescribed life-sustaining medicines while incarcerated. Thompson also asserts that he has strong ties to the area – with a family – and that he has a nonviolent and cooperative history.

Counsel for Thompson filed a Notice with the Court on June 19, 2020, indicating that the parties were unable to come to an agreement regarding Thompson's release from detention, or whether a hearing is necessary. (Doc. 123). The Court is unaware of any authority that provides a defendant with a right to a hearing when he seeks temporary release under § 3142(i), and the Court is able to resolve the motion without a hearing or oral argument.

**II.    DISCUSSION**

    A.    THE COVID-19 PANDEMIC

On March 11, 2020, the World Health Organization declared the novel coronavirus known as COVID-19 a pandemic.[1] The COVID-19 outbreak caused the President of the

---

[1] *See* Tedros Adhanom Ghebreyesus, Director-General, World Health Organization, Opening Remarks at the Media Briefing on COVID-19 (March 11, 2020) (transcript available at https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020).

United States to declare a national emergency and the Governor of the Commonwealth of Pennsylvania to declare a state of emergency.[2] As of the date of this writing, there are 27,738,179 confirmed cases worldwide and 899,916 deaths; in the United States, there are 6,272,193 confirmed cases and 188,608 deaths.[3] Mindful of the incredible magnitude of this situation, and the extreme health risks associated with COVID-19, the Court will address Thompson's motion for pretrial release.

    B.    CONDITIONS AT LACKAWANNA COUNTY PRISON

Lackawanna County Prison has implemented an action plan designed to mitigate the potential for spread of COVID-19 inside its facility, and for the protection of inmates and staff.[4] Specifically, the action plan includes suspending contact visits, regular visitation, and visitation from volunteers, including religious leaders; implementing aggressive sanitation programs; suspending all programs that utilize "outside" employees; limiting individuals past reception to prison and medical staff; limiting attorney visits with inmates to meetings through the glass of a lawyer visitation room; cancelling all conferences and out-of-county trainings;

---

[2] *See* President Donald J. Trump's Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (March 13, 2020), *available at* https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/; Governor Tom Wolf's Proclamation of Disaster Emergency (March 6, 2020), *available at* https://www.governor.pa.gov/wp-content/uploads/2020/03/20200306-COVID19-Digital-Proclamation.pdf.

[3] *See* Coronavirus Disease (COVID-19) Situation Dashboard, World Health Organization, https://who.sprinklr.com/ (last visited May 10, 2020).

[4] *See* Lackawanna County Prison COVID-19 Preventative Actions, https://www.lackawannacounty.org/wp-content/uploads/2020/03/prison.pdf (last updated March 13, 2020).

planning for weekly contact with officials from the Pennsylvania Department of Corrections; and posting educational flyers in the blocks and in the reception area.

In addition to the above measures and precautions, effective March 20, 2020, the Warden of Lackawanna County Prison began requiring that all employees and other individuals (including counsel for inmates) be screened for fevers, and if necessary, other symptoms, upon entering the prison.[5]

### C. TEMPORARY RELEASE PURSUANT TO 18 U.S.C. § 3142(i)

Thompson moves for temporary release pursuant to 18 U.S.C. § 3142(i) of the Bail Reform Act. That section provides in relevant part as follows:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be *necessary* for preparation of the person's defense or *for another compelling reason.*

18 U.S.C. § 3142(i) (emphasis added).

The defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i). *See United States v. Buswell*, No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan 18, 2013) (collecting cases). The Court must carefully and impartially apply the proper legal standards that govern an individual's particular request for relief. *United States v. Roeder*, 20-1682, 2020 WL 1545872, at *3 (3d Cir. Apr. 1, 2020).

Until earlier this year, most motions brought pursuant to § 3142(i) were analyzed under the "necessary for preparation of the person's defense" clause. Not much authority existed as to when temporary release is justified under § 3142(i) based on "another compelling

---

[5] *See* Temperatures, https://www.lackawannacounty.org/wp-content/uploads/2020/03/employee.pdf (last updated March 20, 2020).

4

reason." Typically, relief was granted under § 3142(i) only "sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *United States v. Hamilton*, No. 19-CR-54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020); *see also United States v. Scarpa*, 815 F. Supp. 88 (E.D.N.Y. 1993) (permitting the defendant to be released under the 24-hour guard of the United States Marshal Service at his own expense because the defendant had sustained a gunshot wound that destroyed his left eye and surrounding area of his face and skull, he would "shortly die" from AIDS, and correctional authorities could no longer manage his medical conditions); *United States v. Cordero Caraballo*, 185 F. Supp. 2d 143, 144-47 (D.P.R. 2002) (district court ordered the release of a defendant who had sustained multiple gunshot wounds, was partially paralyzed, could not walk, had lost some arm function, had a wound the size of a fist, and required 4-5 contracted security guards on a daily basis to supervise him; the Bureau of Prisons would not take custody of him because it could not provide the medical care that the required). Most recently, in *United States v. Garcha*, the Court granted defendant's motion for pretrial release pursuant to § 3142(i) where the defendant was HIV-positive, had a brain tumor, had suffered a pulmonary embolism in 2017, and thus was not only particularly susceptible to contracting the COVID-19 virus, **but was also** unable to obtain the necessary MRI and treatment for his brain tumor while in prison. 2020 WL 1593942, at *2 (N.D. Cal. Apr. 1, 2020) (emphasis added).

    Since the onset of the COVID-19 pandemic, and the filing of motions seeking pretrial release, release pending sentencing, compassionate release, and delays in report dates, courts across the country have begun to consider whether the pandemic constitutes a "compelling reason" for temporary release. Consistent in these decisions are finding that the risk of exposure, actual exposure, or contracting the virus, is just one factor to be considered and

5

weighed against the other factors under the Bail Reform Act, including previous findings of danger to the community and risk of flight. Further, the existence of a widespread health risk or mere speculation about potential exposure to the virus does not constitute a "compelling reason" for temporary release under § 3142(i).[6]

The defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i). *See United States v. Buswell*, No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013) (collecting cases). The Court must carefully and impartially apply the proper legal standards that govern an individual's particular request for relief. *United States v. Roeder*, 20-1682, 2020 WL 1545872, at *3 (3d Cir. Apr. 1, 2020).

In reviewing a § 3142(i) motion related to COVID-19, the Court examines (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. *See United States v. Veras*, 2020 WL 1675975 (M.D. Pa. Apr. 6, 2020). These factors are particularly instructive in balancing the risk of exposure in prison against the other factors to be considered under the

---

[6] In considering an application for compassionate release, the Court of Appeals for the Third Circuit recently noted "… the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release. *United States v. Raia*, 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020). In considering a motion to continue a self-surrender date in light of the COVID-19 pandemic, the court noted that "the existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence," and stating that it is "imperative" that the courts "continue to carefully and impartially apply the proper legal standards that govern each individual's particular request for relief." *Roeder,* 20-1682, 2020 WL 1545872, at *3.

6

Bail Reform Act. *Veras*, 3:19-CR-010, 2020 WL 1675975, at *5-6; *United States v. Clark*, 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020); *see also United States v. Boatwright*, 2020 WL 1639855, at *8 (D. Nev. Apr. 2, 2020) (analyzing defendant's motion using the *Clark* factors and denying the motion where the defendant's motion is speculative, the original grounds for detention remain unchanged, and the risks of exposure are not mitigated for the defendant, and possibly increased for others); *United States v. Lunnie*, 4:19-CR-00180 KGB, 2020 WL 1644495, at *1 (E.D. Ark. Apr. 2, 2020) (motion denied based on analysis of *Clark* factors despite defendant's history of bouts with bronchitis, high blood pressure, and recurring gastrointestinal problems stemming from a gunshot wound to his abdomen); *United States v. Dodd*, 20-CR-0016 (NEB/HB), 2020 WL 1547419 (D. Minn. Apr. 1, 2020) (denying motion for temporary release after considering the *Clark* factors).

First, this Court has previously determined that there is no condition or combination of conditions which could reasonably assure the safety of the community should Thompson be released – consideration of the § 3142 factors results in a finding that detention is warranted. (Doc. 47). Second, although Thompson submits that his health issues place him at greater risk of contracting the virus and that he has been unable to fully receive his prescribed life-sustaining medicines, nothing in the record reflects how COVID-19 has prevented his medicines from reaching him.

Third, Thompson's proposed release plan should be tailored to mitigate the defendant's overall COVID-19 risks, not exacerbate them. *Clark*, 2020 WL 1446895, at *6. Thompson submits that that he would reside in Pittston, Pennsylvania, with the mother of his daughter, and would be amenable to any conditions of release, including home confinement and electronic monitoring. The proposed plan does not address any of the risk

factors that would arise if Thompson were released from custody. *Clark,* 2020 WL at 1446895, at *6. The Government has provided information on the prison's steps to address and mitigate the risks of COVID-19. Despite Thompson's conclusory allegations that he has a heightened risk of contracting COVID-19 due to his pretrial detention, the information before the Court includes the prison's actual plan to reduce that risk. *See Boatwright,* 2020 WL 1639855, at *7. Further, Thompson does not address the extent to which his risks of infection could be exacerbated if he were released.

    Finally, the Court considers the likelihood that Thompson's proposed release would increase COVID-19 risks to others. If Thompson is unable to comply with conditions of release, he poses potential risks to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties. *Boatwright,* 2020 WL 1639855, at *8. Thompson's release poses a substantial risk to the probation officers tasked with monitoring his behavior while he is out of jail on supervised release. *United States v. Lee*, 19-CR-298 (KBJ), 2020 WL 1541049, at *5 (D.D.C. Mar. 30, 2020). If and when Thompson's proposed temporary release[7] plan ends, it will place the United States Marshals Service officers at risk in re-apprehending him or the facility at risk when he eventually reenters it after having had abundant opportunity for contamination. *See Lunnie,* 2020 WL 1644495, at *5.

---

[7] Having determined that Thompson does not establish a compelling reason for temporary release under § 3142(i), the Court will not reach what the scope of "temporary" might mean in this situation.

III.     CONCLUSION

For these reasons, the Court find that Thompson has not presented a "compelling reason" for temporary release under 18 U.S.C. § 3142(i). As such, his motion for pretrial release (Doc. 114) is **DENIED**.

An appropriate Order will follow.


Dated: September 14, 2020                              *s/ Karoline Mehalchick*
                                                      **KAROLINE MEHALCHICK**
                                                      **United States Magistrate Judge**